UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUN 3 0 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 87-0446-03 (TFH) |
| ) | |
| MICHAEL K. WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Pending before the Court is Michael K. Williams' *pro se* Motion to Vacate Pursuant to 28 U.S.C. § 2254 Post-Conviction Relief filed on January 27, 2007. The government filed its opposition on December 11, 2008. In accordance with its duty to construe a *pro se* pleading liberally, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the Court will analyze Williams' pleading as both a motion pursuant to 28 U.S.C. § 2255 and a petition for a writ of error *coram nobis*. Finding that Williams cannot prevail under either theory, the Court will deny relief.

### BACKGROUND

On February 11, 1988, Williams pled guilty to charges in three separate cases: one count of conspiracy to possess with intent to distribute cocaine in Cr. No. 87-0446, one count of distribution of more than 500 grams of cocaine in Cr. No. 88-0045, and one count of possession with intent to distribute over 500 grams of cocaine in Cr. No. 88-0046. On November 4, 1998, Williams was sentenced to two years' imprisonment in Cr. No. 87-0446, five years' imprisonment in Cr. No. 88-0045, and five years' imprisonment in Cr. No. 88-0046. These sentences were to run consecutively for a total of twelve years, followed by an addditional four

1

years of supervised release. Williams has completed serving these sentences.

The genesis for Williams' pending motion filed many years later is a subsequent criminal conviction for which he received a heavier penalty because of his prior convictions in Cr. Nos. 87-0446, 88-0045, and 88-0046. Williams' *pro se* motion, filed in all three cases, argues that these convictions should be vacated because at the time of his plea the trial judge did not adequately explain the consequences of the plea agreement: "During pre-trial hearing and sentencing, at no time did the honorable judge advise or explain the nature of the charges or the consequences of the plea." Def.'s Mot. at 2. The Court surmises that Williams' claim is that he did not understand that his 1988 convictions could be used in the future to enhance a sentence, which subsequently happened in 2007. *See* Gov't Opp'n Br., Ex. F at 3-4. Williams reports that "In the year of 2006, the defendants [sic] federal sentence is being enhanced because of the un-constitutional invalid conviction that was accepted by this honorable court on November 4, 1998." Def.'s Mot. at 2. The government clarifies that, in 2007, Williams received a ten-year sentence in a case from the Northern District of Ohio. Gov't Opp'n Br., Ex. F at 3-4.

The government filed its response to Williams' motion in all three cases, as the Court does with this Memorandum Opinion.

## DISCUSSION

The crux of Williams' grievance is that his sentence was imposed in violation of the Due Process Clause of the Fifth Amendment because he was uninformed of the future consequences of his guilty plea. This allegation gives rise to two possible bases for relief: (1) a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, and (2) a petition for a writ of error *coram nobis*. As explained below, both of these claims lack merit.

2

**I. Analysis under 28 U.S.C. § 2255**

Section 2255 allows a defendant to "move the court which imposed [his] sentence to vacate, set aside or correct the sentence" on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. A court may grant relief "if the challenged sentence resulted from 'a fundamental defect which inherently results in a complete miscarriage of justice,' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" *United States v. Pollard*, 959 F.2d 1011, 1020 (D.C. Cir. 1992) (internal citations omitted). Section 2255 encompasses Williams' contention that his guilty plea and resulting sentence were in violation of the Fifth Amendment. Williams' claim is procedurally barred, however, on at least two grounds: (1) he was not "in custody" within the meaning of § 2255 when he filed it, and (2) he did not comply with the statute of limitations.[1]

**A. Custodial Requirement**

Federal courts have jurisdiction to hear a motion for post-conviction relief under § 2255 by a defendant who is "in custody under sentence of court" at the time he files a motion attacking that sentence or the underlying conviction. 28 U.S.C. § 2255. Upon completion of that sentence, the defendant no longer remains "in custody" within the meaning of § 2255, even if he is later incarcerated for another offense. More to the point in Williams' situation, a defendant who has completed his sentence does not remain "in custody" for purposes of post-conviction relief

---

[1] The Court does not address what the government offers as a third ground for procedural default: that Williams failed to raise this claim on direct appeal.

"merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted." *Maleng v. Cook*, 490 U.S. 488, 492 (1989) (per curiam).

According to the Federal Bureau of Prisons' calculation, Williams' full-term sentence date—when the term of incarcertaion would expire—for Crim. Nos. 87-00446, 88-0045, and 88-0046 was October 4, 1999. *See* Gov't Opp'n Br., Ex. H at 5. He did not file this motion until January 29, 2007. For the jurisdictional purposes of § 2255, Williams clearly was not "in custody" when he filed his motion. Therefore, he is not an eligible § 2255 petitioner, and the Court cannot address the merits of his claim.

**B. Statute of Limitations**

Prior to enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), "a prisoner could challenge his conviction or sentence as a violation of the Constitution of the United States by filing a motion under 28 U.S.C. § 2255 at almost any time." *United States v. Cicero*, 214 F.3d 199, 200 (D.C. Cir. 2000). With § 105 of AEDPA, however, Congress adopted a one-year statute of limitations on the filing of § 2255 motions, running from the latest of four possible dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have

4

been discovered through the exercise of due diligence.

28 U.S.C. § 2255. The first date is the one that applies to Williams, who asserts no basis for the exceptions listed in paragraphs (2) through (4).

In the context of habeas review, a conviction becomes final when the availability of appeal is exhausted. *See Barefoot v. Estelle*, 463 U.S. 880, 887 (1983) ("When the process of direct review—which, if a federal question is involved, includes the right to petition [the Supreme] Court for a writ of certiorari—comes to an end, a presumption of finality and legality attaches to the conviction and sentence."). Williams did not timely appeal his convictions in Crim. Nos. 87-00446, 88-0045, and 88-0046. Accordingly, those convictions became final in November 1988 upon the expiry of his time to appeal, which occurred ten days after the filing of his Judgment and Commitment Order on November 4, 1988. *See* FED. R. APP. P. 4(b)(1)(A)(i) & 4(b)(6) (allowing ten days from entry of judgment to file a notice of appeal).

For a defendant like Williams whose conviction became final before the enactment of AEDPA, the D.C. Circuit has held that the § 2255 petition must be filed within a one-year grace period from the enactment's effective date of April 24, 1996. *See United States v. Saro*, 252 F.3d 449, 451 (D.C. Cir. 2001) (citing *Cicero*, 214 F.3d at 202). Williams therefore had until April 24, 1997 to file for § 2255 relief. He did not file a motion until January 29, 2007, almost ten years after the grace period expired. Accordingly, his motion is time-barred under § 2255.

On the dual grounds that Williams filed his motion when he was no longer "in custody" and after the statute of limitations had run, the Court finds that Williams is procedurally barred from § 2255 relief. Under the § 2255 theory, the Court does not reach the merits of Williams' claim.

5

**II. Analysis under Writ of Error *Coram Nobis***

The Supreme Court recently described the writ of error *coram nobis* as "an extraordinary tool to correct a legal or factual error." *United States v. Denedo*, __ S. Ct. __, 2009 WL 1576568 at *6 (June 8, 2009). Federal courts have the authority to grant a writ of error *coram nobis* under the All Writs Act, 28 U.S.C. § 1651. *Id.* at *5. Relief "should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice." *United States v. Morgan*, 346 U.S. 502, 511 (1954). The petitioner bears the burden of overcoming a presumption that the challenged judicial proceedings were correct. *Id.* at 512. In line with the Supreme Court's observation that "[i]n American jurisprudence the precise contours of *coram nobis* have not been well defined," *Denedo*, 2009 WL 1576568 at *5 (internal quotation omitted), the D.C. Circuit's precedent in this area is thin. The leading case appears to be a district court case, *United States v. Hansen,* 906 F. Supp. 688 (D.D.C. 1995) (Green, J.).

In *Hansen*, Judge Joyce Hens Green described the writ of error *coram nobis* as "an equitable tool for federal courts to 'fill the interstices of the federal post-conviction remedial framework.'" *Hansen*, 906 F. Supp at 692 (quoting *United States v. Ayala*, 894 F.2d 425, 428 (D.C. Cir. 1990)). This writ allows a court to use "discretionary power to set aside an underlying conviction and sentence which, for a valid reason, should never have been entered." *Hansen,* 906 F. Supp. at 692. As distinct from habeas corpus under 28 U.S.C. § 2255, a petitioner for the writ of error *coram nobis* does not have to be "in custody," but can "collaterally attack a federal conviction . . . even though the petitioner is no longer serving a sentence pursuant to that conviction." *Id.* (citations omitted).

In the absence of D.C. Circuit authority on the proper standard for analyzing a petition for

6

a writ of error *coram nobis*, Judge Green looked to the practice of the Third, Fourth, Ninth, and Tenth Circuits and applied the following test:

> [R]elief is appropriate where (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.

*Id.* at 692-93 (internal quotation and citations omitted).

Following the *Hansen* test, this Court need examine only the fourth factor—error of the most fundamental character—to resolve Williams' case. A showing of fundamental error is undoubtedly required to win *coram nobis* relief. *See United States v. Addonizio*, 442 U.S. 178, 186 (1979) (holding that "*coram nobis* jurisdiction" exists only "in those cases where the errors were of the most fundamental character, that is, such as rendered the proceeding itself irregular and invalid." (internal quotation omitted)).

Williams cannot win *coram nobis* relief because his allegation—that when pleading guilty he did not understand that his convictions could be used to enhance the sentence for a future conviction—does not rise to the level of fundamental error. It is well-settled that neither the Constitution nor the Federal Rules of Criminal Procedure require the district court or counsel to advise the defendant that his guilty plea carries the collateral consequence of a future sentencing enhancement. *See, e.g, McCarthy v. United States*, 320 F.3d 1230, 1234 (11th Cir. 2003); *United States v. Salerno*, 66 F.3d 544, 551 (2d Cir. 1995); *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994); *Lewis v. United States*, 902 F.2d 576, 577 (7th Cir. 1990); *United States v. Brownlie*, 915 F.2d 527, 528 (9th Cir. 1990); *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989) (per curiam). In short, even assuming *arguendo* the truth of Williams' allegation, what he

alleges happened is not a violation of his rights. Having failed even to allege a fundamental error, Williams is not entitled to *coram nobis* relief.[2]

## CONCLUSION

The Court finds no basis for post-conviction relief. Construed under 28 U.S.C. § 2255, Williams' motion is procedurally barred. Analyzed as a petition for a writ of error *coram nobis*, the motion fails because no fundamental error is alleged. Accordingly, the Court will deny the motion.

A corresponding order accompanies this Memorandum Opinion.

June 28, 2009

Thomas F. Hogan
United States District Judge

---

[2] The Court does not address the government's additional argument that Williams is not entitled to *coram nobis* relief because he failed to pursue this claim diligently. *See* Gov't Opp'n Br. at 4 n.1.

8